Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
Karen A. Braje (SBN 193900)
Email: kbraje@reedsmith.com
David J. De Jesus (SBN 197914)
Email: ddejesus@reedsmith.com
Alicia A. Adornato (SBN 254228)
Email: aadornato@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Defendants
Wachovia Bank, N.A., Wells Fargo & Company
and Wells Fargo Bank, N.A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTE CARDUCCI,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA BANK, N.A., WELLS FARGO BANK, N.A., WELLS FARGO & COMPANY,<br><br>Defendant. | Case No.   4:11-cv-00181-PJH<br><br>**STIPULATION AND [PROPOSED] ORDER RE E-DISCOVERY PROTOCOL** |

WHEREAS, Plaintiff Celeste Carducci ("Plaintiff") and Defendants Wachovia Bank, N.A., Wells Fargo Bank, N.A. and Wells Fargo & Company ("Defendants") have agreed that the following protocol shall apply to the production of documents existing in electronic form by all parties in this action:

1.   **General**.  All documents that originally existed in native electronic form that are produced in this action shall be produced in electronic image form in the manner provided herein. Each document's electronic image shall convey the same information and image as the original document unless material from the original source document has been redacted before imaging.

Documents that present imaging or formatting problems shall be promptly identified; the parties shall meet and confer to attempt to resolve the problems.

2. **Documents in Fixed Tangible Form**. Plaintiff requests the production of electronic documents in single page Group 4 TIFF format . All electronically stored information ("ESI") that exists in fixed tangible form, including emails, email attachments, word processing documents (e.g., Word, Word Perfect, etc.), presentation documents (e.g., PowerPoint, Presentations, etc.), PDF documents, TIFF documents and other complete expressions fixed in a tangible document form shall be saved in single page Group 4 TIFF format; that reflects how the source document would have appeared if printed out to a printer attached to a computer viewing the file. To the extent such information is available, the Metadata (data describing the electronic files) fields outlined in Exhibit B should be produced in a text format linked to the associated files. This includes Microsoft Office embedded metadata and Word Perfect embedded metadata. Email attachments shall be ordered to immediately follow the email to which each is attached. The parties shall produce a "load file" (.dat with Concordance default delimiters as well as an Opticon (.log) load file) to accompany the images, which shall facilitate the use of the produced images by a document management or litigation support database system and shall identify document breaks for each document. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

3. **Document Unitization**. Each page of a document produced under 2, above shall be electronically saved into a separate TIFF image file. If a document is more than one page, the order of the images constituting the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image file.

4. **Color**. If an original document contains color and the color is substantively part of the information in the document and black & white imaging materially affects the interpretation or

ability to use the document, the parties shall have the right to request production of color image(s) for such documents.

5. **Bates Numbering**. Each page of a produced document under 2, above shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document, preferably located at the bottom right hand corner of the document. The Bates Number sequence shall be entirely alphanumeric, with no spaces or symbols. There shall be no other legend or stamp placed on the document image unless a document qualifies for confidential treatment pursuant to the terms of the Protective Order in this litigation or has been redacted. In the case of confidential materials, a designation may be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document. In the case of any document image from which original material or information has been redacted for any reason, the document's image shall clearly delineate the portion of the document that has been redacted from the source document, and a short statement of the asserted basis for the redaction. A "log file" listing documents with redacted original material or information shall be provided with the document production.

6. **File Naming Conventions**. Each such document image file shall be named with the unique Bates Number of the TIF image, followed by the extension ".tif."

7. **Electronic Text Files**. The text of each page of a produced document under 2 above, shall be included in a document level text file that has been electronically extracted from the original, native electronic files ("Extracted Text") and/or OCR for non-native format images. The Extracted Text shall be provided in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 8. Each text file will be the text that corresponds to each document, and will be named with the same Bates Number of the first page of the corresponding document, except that the Extracted Text file name will be followed by the extension ".txt". Each Extracted Text file will be placed in the same file directory as its

corresponding TIF image file. For redacted images, the corresponding text will also be withheld upon production.

8. **Production Media.** The parties shall produce documents on CD-ROM, DVD, external hard drive (with standard PC compatible interface), or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). The parties shall provide and maintain written production logs that identify, by Bates number range, the dates on which documents are produced and the document custodian(s). Additional information that shall be identified on the physical Production Media shall include: (1) text referencing that it was produced in [Case Docket No.], (2) the producing party's name, (3) the production date, and (4) the Bates Number range of the materials contained on the Production Media.

9. **Databases and Other Dynamically-Stored ESI.** The parties shall meet and confer with respect to all requests for access to discoverable data in databases and other dynamically-stored ESI, (the "Dynamically-Stored ESI"), including all associated metadata and metafiles.

10. **Software Applications to Access Databases and Other Dynamically-Stored ESI.** All software applications or programs that are used in the ordinary course of business to access, use, modify, establish business rules and functions and run reports with respect to discoverable Dynamically-Stored ESI produced under 10 (the "Software Application(s)"), above shall be identified. This shall include all Software Applications obtained by Defendants from a third-party vendor and all relevant customizations thereto; as well as all relevant custom Software Applications created in-house by or for Defendants' own use. The parties shall meet and confer to resolve any requests for access to such applications.

11. **Other Files.** The parties retain the right to request that specific file types, such as Excel and spreadsheet files, presentation documents, relationship diagram charts (e.g. Visio), video files and audio files, be produced in native format, including metadata and metadata files, or a

reasonably acceptable alternative form of electronic production that permits usable access to discoverable information. The parties shall meet and confer with respect to such specific requests, including appropriate means of securing the protection of such material under the terms of the Protective Order issued in this action and/or redaction of privileged or otherwise non- discoverable information.

12. **Re-production of Specific Files In Native Format**. The parties retain the right to request that specific files produced under paragraph 2 be produced in native format, including metadata and metadata files, or a reasonably acceptable alternative form of electronic production that permits usable access to discoverable information. The requesting party shall specifically provide the Bates Number, or range, of the document(s) being requested in native format. The parties shall meet and confer with respect to such specific requests, including appropriate means of securing the protection of such material under the terms of the Protective Order issued in this action and/or redaction of privileged or otherwise non-discoverable information.

13. **Original Documents**. In the event that the parties determine through the meet and confer process that certain documents need not be produced in native format at this time, the parties shall retain and preserve the original native electronic source documents in a manner so as to preserve the metadata associated with these electronic materials in the event review of such metadata is warranted. The parties shall take no steps that would in any way make production of electronic data less convenient or that would increase the cost associated with the future production of such documents. All parties reserve the right to seek all documents in their native format.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 7, 2011.         THE ARNS LAW FIRM

                             By _____
                             Robert S. Arns
                             Attorneys for Plaintiff Celeste Carducci

DATED: July 7, 2011.         REED SMITH LLP

                             By _____ FXR
                             Jack R. Nelson
                             Attorneys for Defendants Wachovia Bank, N.A.,
                             Wells Fargo Bank, N.A., Wells Fargo & Company

**SO ORDERED:**

DATED: July 11 _____, 2011.

                             _____
                             Honorable Phyllis J. Hamilton

IT IS SO ORDERED
Judge Phyllis J. Hamilton
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Celeste Carducci v. Wachovia Bank, N.A.. et al*, Case No. CGC-10-505766. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
   [printed name]

Signature: _____
   [signature]

# EXHIBIT B

# METADATA FIELDS

Date, Location, Media Type, Department
Custodian Name Filename or subject
Original Path or Inbox Folder Path
From, Recipient To List
Carbon Copy List
Blind Carbon Copy List
De-duplication Hash Value
File Category Type File Application Type Create Date
Modify or Sent Date
Last Access or Read Date
File Size
OLE Embedded Document Information
    Author - Captured in CC available as a field for Concordance.
    Last Author - Captured in CC available as a field for Concordance.
    Company
    Subject - Captured in CC available as a field for Concordance.
    Title - Captured in CC available as a field for Concordance.
    Manager
    Category,
    Comments - Captured in CC available as a field for Concordance.
    Revision
    Last Printed
    Created - Captured in CC available as a field for Concordance.
    Last Saved - Captured in CC available as a field for Concordance.
First Production Bates Number
Bates Prefix
Second Production Bates Number
Number of Pages
Parent Document information
Child or attachment document information
If Produced or not produced
If Not Produced because Corrupted
If Not Produced because Password Protected
If Not Produced due to large Megabyte
If Truncated
Keyword hits (number, keyword, offset into file)
Full Extracted Text
Track Changes - Last saved or always on