1  ROBERT S. ARNS (SBN #65071)
   Email: rsa@arnslaw.com)
2  JONATHAN E. DAVIS (SBN#191346)
   Email: jed@arnslaw.com
3  STEVEN R. WEINMANN (SBN #190956)
   Email: srw@arnslaw.com
4  **THE ARNS LAW FIRM**
   515 Folsom Street, 3rd Floor
5  San Francisco, CA 94105
   Tel:   (415) 495-7800
6  Fax:   (415) 495-7888
7
   Attorneys for Plaintiff s
8
                 UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA
10

11 |                                          | CASE NO.  C11-00181 PJH
12 | CELESTE CARDUCCI, individually and on    |
   | behalf of others similarly situated,     | **ORDER GRANTING**
13 |                                          | **PRELIMINARY APROVAL OF**
   |                    Plaintiff,            | **CLASS ACTION SETTLEMENT**
14 |                                          | **AND CERTIFYING CLASS FOR**
   | vs.                                      | **SETTLEMENT PURPOSES**
15 |                                          | **Date:   February 29, 2012**
   | WACHOVIA BANK; WELLS FARGO &             | **Time:  9:00 a.m.**
16 | COMPANY; WELLS FARGO BANK, N.A.; and     | **Place: Courtroom 3**
   | DOES 1 THROUGH 300                       | **        Third Floor**
17 |                                          | **Complaint filed: December 2, 2010**
18 |                    Defendants.           |
19 |                                          | Honorable Phyllis J. Hamilton
20

21
22
23
24
25
26
27
28
                              -1-
      **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION**
      **SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**

1

2

3

4

     The Unopposed Motion for Preliminary Approval of Class Action Settlement filed by Plaintiff Celeste Carducci, on behalf of herself and all others similarly situated, came on for hearing on February 29, 2012.

5

6

7

8

9

10

11

12

13

14

15

16

     The Motion seeks an Order: (1) granting preliminary approval of the proposed Stipulation of Settlement (the "Settlement Agreement," or "S.A.") between Plaintiffs and Defendants Wells Fargo Bank, N.A. ("Wells Fargo Bank"),Wachovia Bank, N.A., Wells Fargo & Company (collectively, "Defendants" or "Wells Fargo"); (2) provisionally certifying the Settlement Class, as defined below, for settlement purposes only; (3) appointing Plaintiff as Class Representative and her counsel as Class Counsel; (4) approving the form and manner of notice to Settlement Class members; (5) appointing a Settlement Administrator of the proposed Settlement; and (6) scheduling a final approval hearing to consider the fairness of the Settlement and Plaintiffs' motion for an award to Plaintiff's counsel for their attorneys' fees and costs and an award to Plaintiff for her service in this action.

17

18

19

     Having read and considered the briefing and supporting documents, and the arguments of counsel, the Court grants the Motion in all respects. The Court hereby FINDS and ORDERS:

20

21

22

23

24

25

26

27

    1.  The Court preliminarily finds that the proposed Settlement (the "Settlement"), as detailed in the Settlement Agreement attached as Exhibit 1 to the Declaration of Robert S. Arns (the "Settlement Agreement"), is fair, reasonable, and in the best interests of the proposed Settlement Class, and that it warrants notifying the Settlement Class of the terms of the proposed Settlement and of their rights in connection with the proposed Settlement.

28

-2-
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**

2.  Inherent in the Court's provisional certification of the Settlement Class are the following findings: that the Settlement Class is ascertainable; that its members are too numerous to be joined practicably; that the Action raises common legal and factual questions; that the Class Representative's claims are typical of the claims of the Settlement Class as a whole; that Class Representative and Settlement Class Members share a community of interest in the Action; that neither the Class Representatives nor Class Counsel have interests adverse to the Settlement Class; that Class Counsel are competent and experienced; that common questions predominate over questions affecting only individual members of the Settlement Class; and that the Action and this Settlement are the best, if not the only, means for resolving the claims of Settlement Class Members expeditiously and economically.

3.  This Court's provisional certification of the Settlement Class and findings incident thereto shall be solely for settlement purposes. Provisional certification of the Settlement Class shall be vacated and shall have no effect or precedential value in the event that the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. In the event the Court's approval of the Settlement Agreement, entry of the Judgment and Order of Dismissal, or certification of the Settlement Class are disapproved, reversed, vacated or terminated, neither the Settlement Agreement nor the findings in this Order shall affect the rights of the parties to take action in support of or in opposition to class certification or to prosecute or defend the Action, or this Court's ability to grant or deny certification for litigation purposes. If this provisional class certification order is vacated, the

-3-
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**

parties shall be restored to the *status quo ante* as of the date preceding the date of this Order and this Order may not be used or relied upon by any person thereafter seeking certification of a similar class.

4. The Court finds that the method of providing notice to the Settlement Class proposed in the Settlement Agreement constitutes the best method for providing such notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the California and United States Constitutions, and any other applicable law. The Class Notice, Publication Notice (together, the "Notices") and Claim Form ("Claim Form"), which are attached to the Settlement Agreement as Exhibits 1 through 3, respectively, are hereby approved as to form. The Notices constitute the best notice to members of the Settlement Class practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the California and United States Constitutions, and any other applicable law. The Notices each (i) state the nature of the Action and the issues and defenses; (ii) make clear that the Settlement Agreement, if approved, will be binding on all Settlement Class Members; (iii) summarize the terms of the Settlement Agreement, the right of each Settlement Class Member to opt out of the Settlement Class, and the right of Settlement Class Members to object to the Settlement Agreement and to appear personally or by

-4-
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION**
**SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**

counsel at the hearing on the final approval of the Settlement Agreement; and (iv) provide that more information is available from Class Counsel or the Settlement Administrator upon request. Further, the Notices inform the Settlement Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Class Counsel's attorneys' fees. *See* Fed. R. Civ. P. 23(h).

5. Plaintiff Celeste Carducci is appointed as Class Representative to represent the proposed Settlement Class, because the Settlement Class satisfies the requirements of Rules 23(a), (b), and (c) of the Federal Rules of Civil Procedure.

6. The Settlement Class is hereby conditionally certified, defined as follows:

All residents of the United States who were or are holders of a closed-end mortgage on their primary residence that was serviced by Wachovia Mortgage or Wells Fargo Home Mortgage during the period October 1, 2009 to the Settlement Date, and who made in-store (branch) payments during that period which were "effective dated" as of a calendar date later than the date of the actual in-store transaction and who were as a result assessed a late charge that they paid and which was not subsequently waived, reversed or refunded before the Settlement Date. Excluded from the Settlement Class are: (a) any control person(s), officers, directors, agents, servants, and employees of the Defendants; (b) any judge presiding over the Action; and (c) the immediate family members of any such Person(s).

7. The Court hereby directs that the Notices be disseminated in the manner described in the Settlement Agreement, Section 5.

8. All requests for exclusion from the proposed Settlement Class must be must filed with the Court, no later than  June 8, , 2012, [no less than 100 days after the date of this Order].  The Opt-Out/ Written Objection Deadline will be conspicuously listed in the Notices.

9. Written objections to the proposed Settlement Agreement and/or requests by the Class Representative for an incentive payment and by Class Counsel for attorneys' fees and costs shall be made no later than June 8, 2012,  [no less than 100 days after the date of this Order].  Written objections should, but are not required to, include a statement of the specific reason(s) for the objection and any legal support and/or evidence the Settlement Class Member wishes to introduce in support of the objection.  Settlement Class Members who intend to appear and be heard at the Final Approval Hearing should so state in connection with their written objection.

10. Oral objections to the proposed Settlement Agreement and/or requests by the Class Representative for an incentive payment and by Class Counsel for attorneys' fees and costs may be made at the Final Approval Hearing without prior notice.

11. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

-6-
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**

12. The Court hereby appoints RUST Consulting, Inc. as Settlement Administrator. Within twenty-one (21) calendar days of the entry of this order, Defendants shall advance to the Settlement Administrator the sums necessary to cover the costs of issuing the Notices and other Administration expenses.

13. Within fourteen (14) calendar days of the entry of this Order, Defendants shall -- based on a review of business records and data in their possession, custody, and control -- provide the Settlement Administrator with the U.S. mail addresses and property addresses for any reasonably identifiable Persons who are potential Settlement Class Members. The Settlement Administrator shall conduct a National Change of Address Update as soon as practicable after receipt of this information. Within twenty-eight (28) calendar days of the entry of this Order, Class Notices substantially in the form attached as Exhibit 1 to the Settlement Agreement will be sent by the Settlement Administrator to such potential Persons in the Settlement Class by First Class U.S. Mail.

14. Within twenty-eight (28) calendar days of the entry of this Order, or as soon thereafter as the publication schedule of *USA Today* will permit, Defendants shall cause the Publication Notice, substantially in the form attached hereto as Exhibit 2 to the Settlement Agreement, to be published once in a one-eighth-page advertisement in *USA Today*, a newspaper of national circulation.

15. Immediately following entry of this Order, the form of Class Notice and the Settlement Agreement, shall be provided on a dedicated settlement website to be administered by the Settlement Administrator.

-7-
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**

16. Settlement Class Members, who do not exclude themselves from the Settlement, shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, including the release provided for under the Settlement Agreement.

17. Class Counsel The Arns Law Firm, Robert S. Arns, Jonathan E. Davis, and Steven R. Weinmann are hereby appointed to represent the Settlement Class.

18. A hearing on Final Approval of and fairness of the Settlement and its terms, and for Plaintiffs' motion for an award to Plaintiff's counsel for their attorney's fees and costs and an award to Plaintiffs for her service in this action, and for hearing on any objections to the Settlement, shall be held on  July 11, 2012 [no earlier than 130 days from the date of this Order], at 9:00 a.m., at the United States District Court, Oakland Courthouse, Courtroom 3 - 3rd Floor, 1301 Clay Street, Oakland, CA 94612, to consider and determine whether the requirements for certification of the Settlement Class have been met, whether the proposed settlement of the Action on the terms set forth in the Settlement Agreement should be approved as fair, reasonable, adequate and in the best interests of Settlement Class Members, whether Class Counsel's attorneys' application for approval of the award of attorney's fees and costs should be approved, whether Class Representatives' application for service payments should be approved, and whether the Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice against the Class Representative and all members of the Settlement Class should be entered.

-8-
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**

19. To be eligible to receive a benefit from this Settlement, a Settlement Class Member who receives notice and does not opt out by the Opt-Out / Written Objection Deadline, shall be considered part of the Class and shall receive an amount from the Settlement Fund towards for any improper late fees they were assessed and paid plus an amount for interest.   Alternatively, a  Person who believes that they are a Settlement Class Member but who does not receive notice, or who asserts that the name on the Notice is incorrect, must submit a timely and valid Claim Form to the Settlement Administrator to become eligible for payment from the Settlement Fund. The Claim Forms must be postmarked, or submitted electronically,  or delivered by courier, on or before a date to be determined by the Settlement Administrator, but which shall be no less than sixty (60) or more than seventy-five (75) days after the Settlement Administrator completes the  mailing of the Class Notice as provided in Paragraph 13 herein (the "Claim Deadline").   As to persons submitting Claim Forms, any Claim Form that is not submitted electronically or delivered by courier on or before the Claim Deadline or that is postmarked after the Claim Deadline shall be deemed untimely, an invalid claim, and a waiver by the submitting Settlement Class Member of any claim for payment under the Settlement Agreement.   The Claim Deadline shall be displayed in the  Publication  Notice,  on  the  Claim  Form  and  on  the  Settlement Administrator's dedicated website.

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**

20. Any Settlement Class Member who seeks to be excluded from the Settlement Class may do so only by delivering (by mailing, overnight courier, or via e-mail to the website set up by the Settlement Administrator), a notice to the Settlement Administrator at the address in the Settlement Notices, by first class mail, postage prepaid, such that it is postmarked no later than June 8, 2012 [no earlier than 100 days from date of this Order], a notice that includes: (1) the name of this Class Action (*Carducci v. Wachovia Bank, et al.*, No. C11-00181 PJH); (2) the Settlement Class Member's name, address, and telephone number; and (3) a statement that the Settlement Class Member wishes to be excluded from this Settlement.

21. Any Settlement Class Member who does not submit a valid and timely request for exclusion, as set forth in the Notices, will be bound by the Judgment and Order of Dismissal dismissing the Action on the merits and with prejudice. Objections by any Settlement Class Member to: (A) the certification of the Settlement Class and the proposed settlement contained in the Settlement Agreement and described in the Notices; (B) the payment of fees and expenses to Class Counsel; (C) the payment of service payments to Class Representatives; and/or (D) entry of the Judgment and Order of Dismissal dismissing the Action on the merits and with prejudice, shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Approval Hearing only if such objector either attends the hearing, or sends written objections  to the Court, at the following address: The United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 3 - 3rd Floor, 1301 Clay Street, Oakland, CA 94612,

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**

postmarked on or before June 8, 2012 [no earlier than 100 days from date of this Order]. A written statement should include the following: (1) objector's name, address, and telephone number; (2) the account number(s) of objector's loan(s) if available; (3) a sentence confirming, under penalty of perjury, that the objector is a Settlement Class Member; (4) the factual basis and legal grounds for objector's objection; (5) the identity of any witnesses objector may call to testify at the Final Approval Hearing; and (6) copies of any exhibits objector intends to offer into evidence at the Final Approval  Hearing, and all other papers in support of such objections.   It is not necessary for a Class member to have submitted a written objection in order to attend the hearing and object.

22. The foregoing papers shall expressly refer to the name of this Lawsuit as it appears at the top of this Notice, as well as to the Honorable Phyllis J. Hamilton and the case number, and they shall also be mailed to counsel at the following addresses:

Class Counsel:

> Robert S. Arns
> Jonathan E. Davis
> Steven R. Weinmann
> **THE ARNS LAW FIRM**
> 515 Folsom Street, 3d Floor
> San Francisco, CA 94105

> **Attorneys for Plaintiff Celeste Carducci and the Settlement Class**

Counsel for Defendants:

> Jack R. Nelson
> David J. De Jesus
> Alicia A. Adornato
> **REED SMITH LLP**

-11-
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**

101 Second Street, Suite 1800
San Francisco, CA 94105-3659
**Attorneys for Defendants**
Wachovia Bank, N. A., Wells Fargo & Company and Wells Fargo Bank, N. A

23. Any Settlement Class Member who does not either file a written objection or appear at the Final Approval Hearing will be deemed to have waived any objections, and will be forever barred from making any objections to the proposed Settlement. It is not necessary for an objector to appear at the Final Approval hearing. However, if an objector wishes to have written objections considered at the Final Approval Hearing, whether personally or through an attorney, the objector must file such written objections no later than the Opt-Out / Written Objection deadline before the hearing on Final Approval, as stated above.

24. No later than fourteen (14) calendar days prior to the above date set for the Final Approval Hearing, the Settlement Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the required Notice has been completed in accordance with the provisions of Paragraphs 13 through 15 of this Order.

25. No later than fourteen (14) calendar days prior to the above date set for the Final Approval Hearing, the Parties shall file all papers in support of the application for final approval of the settlement and shall serve copies of such papers upon each other and upon any objectors who have previously complied with the provisions of Paragraphs 21 and 22 of this Order.

26. Not later than seven (7) calendar days prior to the above date set for the Final Approval Hearing, the Parties shall file all any papers in response to any valid and

-12-
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**

timely written objections with the Court and shall serve copies of such papers upon each other and upon any objectors who have previously complied with the provisions of Paragraphs 21 and 22 of this Order.

27. No later than ten (10) calendar days following the entry of this Order, Defendants shall comply with 28 U.S.C. §1715.

28. No later than fourteen (14) calendar days following the entry of this Order, Class Counsel shall file their Motion for Attorneys' Fees and Costs and Incentive Award.

29. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: February 29 , 2012



Hon. P                                    on
United                              Court Judge

-13
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFYING CLASS FOR SETTLEMENT PURPOSES**